[617 NYS2d 105]

In the Matter of JOSEPH A. CONTINO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 1994

**APPEARANCES OF COUNSEL**

*Margaret Callanan,* Buffalo, for petitioner.

*James L. Lalime,* Williamsville, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on March 9, 1950, and, until his retirement, maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with multiple counts of professional misconduct involving the misappropriation of the assets of two elderly clients and seeking restitution. Respondent filed an answer denying material allegations of the petition and this Court referred the matter for a hearing on the issues of fact raised by the pleadings. The Referee filed his report, which petitioner moves to confirm and respondent moves to disaffirm.

The Referee found that respondent prepared a power of attorney and had it executed by his clients, two elderly sisters. Pursuant to the power of attorney, he transferred their property, a residence and numerous stocks and corporate bonds having a total value of $281,740, to himself and his wife, without disclosing to his clients the significance and consequences of those acts and without advising them to seek independent legal advice. The Referee also found that respondent failed to maintain a separate trust account and deposited client funds into his office operating account, which he also used as his personal account, failed to preserve and identify funds entrusted to him, and failed to pay accrued interest in the sum of $8,881.13 on those funds. Additionally, the Referee found that respondent failed to make restitution of the money and property misappropriated. Respondent, in his motion to disaffirm the report, admitted only that his bookkeeping was careless and asserted that he acted with the full knowledge and consent of his clients and that he advised them to seek independent legal advice before making the transactions in question.

We confirm the report of the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective January 1, 1970:

DR 1-102 (A) (4)—by engaging in conduct involving dishonesty and misrepresentation;

DR 1-102 (A) (6)—by engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-101 (A)—by accepting employment when the exercise of his professional judgment was affected by his own financial interests;

DR 9-102 (A)—by failing to maintain identifiable bank accounts in which he preserved and identified the funds of his clients separate from his own funds;

DR 9-102 (B) (1)—by failing to notify his clients of the receipt of their funds and other property; and

DR 9-102 (B) (4)—by failing to pay and deliver to his clients the funds and other property in his possession that they were entitled to receive.

We further conclude that respondent violated the following former rules of this Court (22 NYCRR):

former section 1022.5 (a)—by commingling client funds with his own funds, and by failing to keep separate bank accounts for the maintenance of client funds; and

former section 1022.5 (b)—by failing to keep for seven years after the events that they record the records of all deposits to and withdrawals from the account in which he held client funds.

Additionally, we conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—by engaging in conduct involving dishonesty and misrepresentation;

DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7])—by engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-101 (A) (22 NYCRR 1200.20 [a])—by accepting employment when the exercise of his professional judgment was affected by his own financial interests;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—by commingling the funds of other persons received incident to his practice of law with his own funds;

DR 9-102 (B) (22 NYCRR 1200.46 [b])—by failing to preserve

and identify the funds of other persons received incident to his practice of law in a bank account or accounts separate from all other accounts;

DR 9-102 (C) (1) (22 NYCRR 1200.46 [c] [1])—by failing to notify his clients and other persons of the receipt of their funds and other property;

DR 9-102 (C) (3) (22 NYCRR 1200.46 [c] [3])—by failing to maintain complete records of all funds and property of clients and other persons coming into his possession and to render appropriate accounts to his clients or other persons regarding them;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—by failing to pay and deliver to his clients or other persons the funds and other property in his possession to which they were entitled; and

DR 9-102 (D) (22 NYCRR 1200.46 [d])—by failing to maintain for seven years after the events that they record records of all deposits to and withdrawals from the account in which he held client funds, and all checkbooks, check stubs, bank statements, prenumbered cancelled checks and duplicate deposit slips for the account in which he held the funds of clients and other persons received incident to his practice of law.

After consideration of the mitigating circumstances offered by respondent, including his practice of law for over 43 years and his retirement from the practice of law, we conclude that he should be disbarred. Additionally, respondent should be directed to make restitution in the amounts found by the Referee.

PINE, J. P., BALIO, LAWTON, WESLEY and DAVIS, JJ., concur.

Order of disbarment entered.