[639 NYS2d 240]

In the Matter of W. Joseph Embser, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, March 8, 1996

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Roderick Quebral* of counsel), for petitioner.

*David M. Franz,* Olean, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 3, 1962, and maintains an office in Wellsville.

The Grievance Committee filed a petition charging respondent with misappropriating estate funds and neglecting a legal matter. Respondent filed an answer and a Referee was appointed to conduct a trial and make findings of fact. The Referee has filed a report that petitioner now moves to confirm.

The Referee found that respondent was retained to represent the executrix of an estate and issued 50 checks against estate funds, payable to himself, for amounts totaling $399,320. Respondent signed many of those checks using a general power of attorney, including checks signed after the death of the executrix totaling over $118,000. Respondent did not enter into a retainer agreement with the executrix and did not submit any billing statements to her for his legal services. Additionally, he neither discussed with the executrix the issuance of checks payable to himself nor sought court approval for the advance payment of attorney's fees or commissions for his services as executor of her estate for those checks issued following her death. The Referee also found that, after the executrix had died, respondent neglected the settlement of the estate of which she was executrix and benefitted from that neglect by continuing to issue checks against the estate funds, payable to himself.

We confirm the report of the Referee and reject respondent's affirmative defense that the executrix intended to permit respondent to make unlimited payments of the estate funds to himself because of their past friendship.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law; and

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

We have considered the matters in mitigation submitted by respondent and conclude that he should be disbarred (see, Matter of Contino, 205 AD2d 1). We also direct that respondent make restitution in the amount found by the Referee.

PINE, J. P., LAWTON, WESLEY, BALIO and DAVIS, JJ., concur.

Order of disbarment entered.