[653 NYS2d 746]

In the Matter of THOMAS J. CASEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 7, 1997

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Roderick Quebral* of counsel), for petitioner.

*Philip H. Magner,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 16, 1971, and maintains an office in Buffalo. The

Grievance Committee filed a petition charging respondent with multiple charges of misconduct. Respondent filed an answer denying material allegations of the petition and a Referee was appointed to conduct a trial on the issues of fact raised by the pleadings. The Referee filed a report that petitioner moves to confirm. Respondent cross-moves for an order disaffirming the report in part and dismissing the petition.

The Referee found that respondent, the attorney for two elderly widows who were related to respondent's wife, withdrew over $200,000 from bank accounts established for their benefit and used those funds for his own purposes. Although respondent asserted that the funds he withdrew from the bank accounts were gifts, the Referee found that there was no written instrument or other documentation demonstrating the clients' intent to make such gifts. Additionally, the Referee found that respondent borrowed $250,000 from one of those clients to finance the purchase of a condominium without advising her to seek independent counsel or financial advice and that respondent commingled his clients' funds with his own.

We confirm the findings of fact in the Referee's report and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit and misrepresentation;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 5-101 (A) (22 NYCRR 1200.20 [a])—accepting or continuing employment if the exercise of professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own financial interests;

DR 5-104 (A) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client having differing interests therein unless the client has consented after complete disclosure;

DR 9-102 (A) (22 NYCRR 1200.46 [a])—commingling client funds with his own; and

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts.

Accordingly, we conclude that respondent should be disbarred (see, Matter of Embser, 219 AD2d 156).

DENMAN, P. J., PINE, LAWTON, BALIO and BOEHM, JJ., concur.

Order of disbarment entered.